**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200118-U

Order filed March 3, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| DAVID BIELFELDT and KAREN WALES, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiffs-Appellants, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | Appeal No.    3-20-0118 |
| LEE GRAVES, ELM ONE CALL | ) | Circuit No.    18-L-258 |
| LOCATORS, INC., and GRAVES LAW | ) | |
| OFFICES, P.C., | ) | Honorable |
| | ) | Michael P. McCuskey, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The circuit court's partial dismissal of former shareholders' complaint challenging the issuance of additional shares that effectively reduced their equity interest in a company to zero was upheld because one shareholder's consent to the major events provision in the company stock restriction agreement collaterally estopped any challenge to the issuance of the additional equity. The dismissal of the legal malpractice claim was reversed because the second amended complaint sufficiently stated a timely claim.

¶ 2     The plaintiffs, David Bielfeldt and Karen Wales, former shareholders in the defendant company, ELM One Call Locators, Inc. (ELM), appealed the partial dismissal of their second amended complaint, which alleged claims against ELM and the other defendants, Lee Graves and Graves Law Offices, P.C., in connection with the issuance of shares to Graves and the plaintiffs' resultant reduction in equity in ELM.

¶ 3                                                          FACTS

¶ 4     According to the facts as alleged in the second amended complaint, ELM was incorporated on June 5, 2003. At the time of incorporation, Bielfeldt and Graves were each issued 50% of the Class A Voting Shares of ELM. Bielfeldt and Graves accepted appointments to the board of directors and, during the time relevant to this case, Graves was the chief executive officer (CEO) of ELM. ELM, Bielfeldt, and Graves entered into a Class A stock restriction agreement (Class A SRA) in 2003. Wales was issued Class B shares in ELM in 2003 for her cash contribution of $400,000 and was a minority shareholder. Wales was a party to the Class B stock restriction agreement (Class B SRA), along with ELM, Graves, Bielfeldt, and other former Class B shareholders.

¶ 5     On May 12, 2014, Graves sent Bielfeldt a letter by certified mail, stating that the letter constituted notice of a major event under article VIII of the Class A SRA. The letter noted that the issuance of debt or equity interests of ELM constituted a major event under section 8.02(viii) of the Class A SRA, and Graves's equity contribution of $1.9 million resulted in an increase in Graves's equity in ELM. The letter sought consent to the major event pursuant to section 8.03(a) of the Class A SRA. Wales was also sent a copy of the letter. On June 18, 2014, Bielfeldt was sent a second letter from ELM stating that his failure to provide a written response to the letter dated May 12, 2014, constituted his consent to the major event. The letter indicated that additional equity

had been issued to Graves in the amount of $1.9 million, which resulted in Graves's equity interest in ELM increasing to 100% and Bielfeldt's and Wales's equity interests in ELM reducing to 0%. In January 2015, Bielfeldt and Wales received a copy of a Business Evaluation Report of ELM, prepared by Robert Filotto of Filotto Professional Services, Ltd., which concluded that the value of ELM as of September 30, 2014, was $9,631,000. On or about January 23, 2015, ELM's secretary sent a letter to Bielfeldt and Wales indicating that ELM issued 3970 shares of Class A stock and 3992 shares of Class B stock to Graves.

¶ 6 Bielfeldt and Graves filed suit in federal court against the current defendants, as well as ELM's corporate secretary. The federal complaint alleged violations of section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) (2012)) and the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq.* (2012)), as well as state law claims that included allegations of self-dealing and violations of both SRAs and ELM's bylaws. On cross-motions for summary judgment, the federal district court found that the undisputed facts demonstrated that Bielfeldt, pursuant to the Class A SRA, was deemed to have consented to the issuance of equity at issue. Based on that conclusion, the federal district court dismissed the federal claims and declined to exercise jurisdiction on the pendent state law claims. *Bielfeldt v. Graves*, No. 1:15-CV-01419-JEH, 2017 WL 4844933, at *6 (C.D. Ill. Oct. 26, 2017), *aff'd*, 726 F. App'x 488, 490 (7th Cir. 2018).

¶ 7 The plaintiffs then filed the state law claims in the circuit court, alleging improper dilution of their ownership interest in ELM; self-dealing, one-sided distributions, and breaches of fiduciary duty by Graves; and malpractice by Graves and Graves Law Offices, P.C. In dismissing the plaintiffs' original complaint, the circuit court found that the federal court only ruled on consent, not the matters of corporate formalities in the Illinois, the SRA, and ELM's bylaws. The original

3

complaint was dismissed, however, with leave to replead, because so many of the allegations involved the issue of Bielfeldt's consent. The first amended complaint was also dismissed, with leave to replead. The plaintiffs filed a second amended complaint, and the defendants filed motions to dismiss. On June 26, 2019, the circuit court dismissed all claims except count V with prejudice on the basis of collateral estoppel, finding that was the only allegation beyond the issuance of the additional shares as a result of the plaintiffs' consent. Thereafter, on August 22, 2019, the defendants filed a motion for clarification, requesting a clarification as to the finality of the June 26 order. The trial court entered an order finding that the June 26 order dismissed counts I, II, III, IV, VI, VII, VIII, IX, and XI (all except counts V and X) of the second amended complaint, and it was not a final order. However, a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) was appropriate because the June 26 order constituted a final determination of the rights of ELM and Graves Law Offices, P.C., and the circuit court found no just reason to delay enforcement or appeal of the June 26 order. The third amended complaint filed by the plaintiffs on July 25, 2019, was dismissed as moot, and the circuit court granted leave to the plaintiffs to file a limited third amended complaint in accordance with the current order. The plaintiffs appealed the partial dismissal of the second amended complaint.

¶ 8                                          ANALYSIS

¶ 9          The plaintiffs argue that collateral estoppel does not apply to their claims of breaches of bylaws, pre-emptive rights provisions in contracts, Graves's self-dealing, and Graves's malpractice. The defendants moved for dismissal pursuant to section 2-619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2018)), contending that collateral estoppel applied and that the plaintiffs' claims were barred by the determination of implied consent in the prior federal action. A motion to dismiss pursuant to section 2-619 of the Code admits the sufficiency

of the complaint but asserts an affirmative defense or other matter that avoids or defeats that claim. *Carr v. Koch*, 2012 IL 113414, ¶ 27. We review *de novo* the dismissal of the claims pursuant to section 2-619 of the Code. *Id.*

¶ 10 "The doctrine of collateral estoppel applies when a party, or someone in privity with a party, participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389-90 (2001). Section 27 of the Restatement provides:

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982).

¶ 11 The adjudication of the controlling issue in the first suit is conclusive as to that issue in any later suit, but the estoppel is limited to the issue actually litigated and does not apply to other matters that may have been litigated. *Nowak*, 197 Ill. 2d at 390. Thus, the elements for the application of collateral estoppel in a later lawsuit are: (1) an identical issue to the one decided in the prior litigation; (2) a final judgment on the merits in the prior adjudication, and (3) the same party against whom estoppel is asserted in both actions. *Id.*

¶ 12 The plaintiffs argue that the first element of collateral estoppel was not met because the issue decided by the federal district court was not identical to the issue presented in the circuit court. The plaintiffs contend that the only issue decided by the federal district court was that Bielfeldt was deemed to have consented to the issuance of the additional equity in ELM to Graves by the operation of section 8.03 of the Class A SRA when Bielfeldt failed to respond to the May

5

12, 2014, letter. The plaintiffs contend that the federal court did not determine how many shares that "equity at issue" represented or whether the directors set the price per share as required by the Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq.* (West 2018)). The plaintiffs also contend that the federal district court did not determine whether the bylaws were followed to effectuate the issuance of shares of stock representing the additional equity in ELM.

¶ 13  Article VIII of the Class A SRA, titled "Board of Directors/Major Events/Deadlocks," contains specific provisions that apply only to Bielfeldt and Graves, and their respective permitted transferees, as long as they own the same number of shares of Class A stock and collectively constitute a majority in interest of the Class A stockholders. Section 8.03 describes the procedure in case there is a deadlock regarding a major event, which was the procedure followed by Graves. The federal district court found that, under the terms of section 8.03(a), Bielfeldt was deemed to have given his consent to the major event outlined in the May 12, 2014, letter by his failure to respond to the letter within the proscribed 30 days. Bielfeldt having given his consent to the major event, the provisions of article VIII dictated the procedures to be followed. Thus, the plaintiffs' allegations that ELM's bylaws were breached with respect to how the price per share was established, that the provisions of article VII of the Class A SRA were violated, and that Wales was not provided a purchase notice under article VII of the Class B SRA all relate back to the issuance of the stock under article VIII of the Class A SRA. Since Bielfeldt was collaterally estopped from challenging his consent to the major event as outlined in article VIII of the Class A SRA, the circuit court properly dismissed the claims based on ELM's bylaws, both SRAs, and the Business Corporation Act of 1983 (counts I, II, III, IV, VI, VIII, IX, and XI).

¶ 14  Graves and Graves Law Offices, P.C. (hereinafter Graves, collectively), contend that Bielfeldt's claim for legal malpractice (count VII of the second amended complaint) is based

entirely on the argument that the issuance of stock to Graves was improper, so it was also barred by collateral estoppel. Graves further argues that the cause of action of legal malpractice was time-barred.

¶ 15        In count VII of the second amended complaint, Bielfeldt claims that Graves failed to explain the importance and applicability of the provisions of ELM's Class A SRA; failed to explain the legal consequences of the May 12, 2014, letter; failed to advise Bielfeldt to obtain nonconflicted counsel; caused ELM to issue stock to Graves with the purpose or effect of diluting Bielfeldt's ownership interest in ELM; and unjustly enriched himself at Bielfeldt's expense. Since the allegations include acts prior to Bielfeldt's consent, collateral estoppel does not bar all of the legal malpractice claims.

¶ 16        Although the circuit court did not dismiss the legal malpractice claim on the basis of the statute of limitations, we will address the argument because we may affirm an order dismissing a complaint on any basis supported by the record, regardless of the trial court's reasoning. *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 34. A cause of action for legal malpractice "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3(b) (West 2018). The original complaint in the court below, which included Bielfeldt's claim for legal malpractice, was filed on October 24, 2018. Graves argues that Bielfeldt knew or reasonably should have known of his injury by June 2014, four years before the state court complaint was filed.

¶ 17        Bielfeldt argues that the malpractice claim was timely filed under the savings statute, section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)). Under that provision, if the action is dismissed by a federal district court for lack of jurisdiction then, "whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff***

may commence a new action within one year or within the remaining period of limitation, whichever is greater." *Id.* This section only applies, though, when a plaintiff has initially filed suit in a timely manner, and the original statute of limitations has not expired before that action was ever filed. *Leffler v. Engler, Zoghlin & Mann, Ltd.*, 157 Ill. App. 3d 718, 723-24 (1987).

¶ 18　　　　Graves does not dispute that the state court complaint was filed within one year of dismissal from the federal court. However, Graves argues that Bielfeldt first asserted allegations of legal malpractice arising from the "Major Event" in the third amended complaint in federal court, which was not filed until August 3, 2016, after the statute of limitations would have expired according to Graves. The pleadings in the court below, however, allege that Bielfeldt did not receive a letter until on or about January 23, 2015, indicating the shares of stock to Graves that allegedly diluted his ownership interest. For purposes of a motion to dismiss, Bielfeldt sufficiently pled a legal malpractice claim against Graves that was filed within two years of when Bielfeldt allegedly knew or reasonably should have known of his injury. Thus, the legal malpractice claim survives as timely filed pursuant to the savings statute and we reverse the dismissal of count VII and remand this matter to the trial court for further proceedings as to count VII.

¶ 19　　　　　　　　　　　　　　CONCLUSION

¶ 20　　　　The judgment of the circuit court of Peoria County is affirmed in part and reversed in part.

¶ 21　　　　Affirmed in part and reversed in part.
¶ 22　　　　Cause remanded.